IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07cv135

| | | |
|---|---|---|
| JAMES DAVID MOSS, MARTHA GEAN MOSS, AND JAMES LLOYD MOSS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | ORDER |
| JEFFREY N. MACKEY, Individually and as an Officer of the Maggie Valley Police Department, SCOTT SUTTON, Individually and as Chief of the Maggie Valley Police Department, MAGGIE VALLEY POLICE DEPARTMENT, TOWN OF MAGGIE VALLEY, BRIAN E. SIZEMORE, Individually and as a Deputy of the Haywood County Sheriff's Department, R. TOM ALEXANDER, as Sheriff of the Haywood County Sheriff's Department, HAYWOOD COUNTY SHERIFF'S DEPARTMENT, HAYWOOD COUNTY, and DAVID FRANCIS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on plaintiffs' Motion to Amend (#24). Review of the pleadings thus far filed reveals a number of procedural concerns:

**Notice of Voluntary Dismissal** (#23). This document gives this court concern inasmuch as it purports to dismiss less than the entire case. It is ineffective because Rule 41 is limited to dismissal of entire "actions," not discrete claims or less-than-all parties.

> A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).

Moore's Federal Practice 3d, § 41,21[2] (citing Skinner v. First Am. Bank of Va., 64 F.3d 659 (up), 1995 WL 507264 (4th Cir. 1995)). Also see Highway Patrol v. Gahagan v. North Carolina 2000 WL 33946065 (WDNC 2000). The court will, therefore, strike the Notice of Voluntary Dismissal. The plaintiffs by authority of Rule 15(a) may file an amended complaint to accomplish the purpose of the dismissals if the defendants have not filed an answer. If an answer has been filed then the plaintiff can file a motion to amend the complaint and supporting brief.

**Motion to Amend** (#24). Plaintiffs have moved to amend their Complaint even though an Answer has not been filed. Rule 15(a), Federal Rules of Civil Procedure, allows a plaintiff to amend his Complaint at any time before a responsive pleading is filed. In this case, the only response filed is defendants' Motion to Dismiss, which is unaccompanied by an Answer, and it is well settled that a Motion to Dismiss is not a responsive pleading that would prevent usage of Rule 15(a). Smith v. Blackledge, 451 F.2d 1201, 1203 n. 2 (4th Cir.1971) (motion to dismiss is not a responsive pleading for purposes of Rule 15(a)). Thus, plaintiffs' remedy is not to be found with the court, but in simply unilaterally filing their Amended Complaint. The Motion to Amend will be stricken.

**Response to Motion to Dismiss** (#25). After moving to amend, it appears that plaintiffs have also filed a response to the Motion to Dismiss. Where a party amends their Complaint, the clock is reset and the Motion to Dismiss is mooted as a matter of law.

**Motion to Dismiss and Brief** (#21). The court has reviewed defendants' Motion to Dismiss and supporting brief. There are no substantive problems with this filing; however, review of that pleading reveals that while counsel is complying with the requirements of ECF, the documents were "scanned" in rather than filed as a PDF documents. While this is allowed, one of the main benefits of ECF is that the text of documents that are filed in PDF are "usable" by the court in formulating Orders. This is of particular importance to this court inasmuch as counsel for defendants has a large percentage of the civil cases this court handles.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the plaintiffs' **Notice of Voluntary Dismissal** (#23) and **Motion to Amend** (#24) are respectfully **STRICKEN.**

Signed: June 10, 2007

Dennis L. Howell
United States Magistrate Judge